UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn on November 1, 2013

| | |
|---|---|
| UNITED STATES OF AMERICA </br></br> v. </br></br> ABIGAEL GONZALEZ VALENCIA, </br>     also known as "Boss," "Los Cuini," </br>     "Cachetes," "Luis Angel Gomez Flores" </br>     and "Jonathan Paul Tak-Toledo, </br></br> and </br></br> NEMESIO OSEGUERA CERVANTES, </br>     also known as "Mencho" and "Ruben </br>     Oseguera Cervantes," </br></br>          Defendants. | CRIMINAL NO. _____ </br></br> UNDER SEAL </br></br> 21 U.S.C. §§ 848(a), 848(b), 848(c) </br> and 848(e)(1)(A) </br> (Continuing Criminal Enterprise) </br></br> 21 U.S.C. §§ 959, 960, 963 </br> (Conspiracy to Distribute Five </br> Kilograms or More of Cocaine </br> and Fifty Grams or More of </br> Methamphetamine for </br> Importation into the </br> United States) </br></br> 21 U.S.C. § 853 </br> 21 U.S.C. § 970 </br> (Criminal Forfeiture) |

## INDICTMENT

**THE GRAND JURY CHARGES THAT:**

### INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

1. The New Generation Cartel of Jalisco (otherwise known as the "Cartel de Jalisco Nueva Generacion," and hereinafter "CJNG") is a dominant force in the trade of illegal narcotics in the Mexican States of Jalisco, Colima, Veracruz and elsewhere.

2. The CJNG maintains a close alliance with "Los Cuinis." Los Cuinis works closely with and shares in the illegal narcotic trade assets with CJNG.

3. The CJNG and Los Cuinis are responsible for transporting multi-ton quantities of

1

cocaine from Colombia and other South American countries to Mexico. The CJNG and Los Cuinis facilitate the transportation of the cocaine to the United States, and other destinations. In addition, the CJNG and Los Cuinis are responsible for the distribution of multi-kilogram quantities of methamphetamine to the United States and other destinations. The CJNG and Los Cuinis also facilitated the collection, transportation, and delivery of narcotics proceeds, from the United States to Mexico.

4. The CJNG and Los Cuinis carried out numerous acts of violence, including murders, assaults, kidnappings, assassinations, and acts of torture. In carrying out these acts of violence, they possess, carry, use and brandish firearms. The CJNG and Los Cuinis commit these acts of violence for a variety of reasons, including but not limited to:

 a. Promoting and enhancing the prestige, reputation and position of the CJNG and Los Cuinis with respect to rival criminal organizations, including other drug trafficking organizations;

 b. Preserving, protecting and expanding the power, territory and criminal ventures of the CJNG and Los Cuinis;

 c. Keeping victims and rivals in fear of the CJNG and Los Cuinis and its members, associates and law enforcement;

 d. Enforcing discipline amongst its members and associates by punishing disloyalty and failure;

 e. Enriching the members and associates of the CJNG and Los Cuinis through criminal activity, including narcotics trafficking; and

 f. Paying retribution to elected and public officials and others for failing to provide services to the CJNG and Los Cuinis.

5. The defendant Abigael GONZALEZ Valencia, also known as "Boss," "Los Cuini," "Cachetes," "Luis Angel Gomez-Flores" and "Jonathan Paul Tak-Toledo," is one of the principal leaders of Los Cuinis.

6. The defendant Nemesio Oseguera Cervantes, also known as "El Mencho" and "Ruben Oseguera-Cervantes" is the principal leader of CJNG.

**COUNT ONE**
(Continuing Criminal Enterprise)

7. The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

8. From in or about January 2000, and continuing thereafter, up to and including the date of the filing of this Indictment, both dates being approximate and inclusive, the defendants **ABIGAEL GONZALEZ VALENCIA**, also known as "Boss," "Los Cuini," "Cachetes," "Luis Angel Gomez-Flores" and "Jonathan Paul Tak-Toledo," and **NEMESIO OSEGUERA CERVANTES**, also known as "El Mencho" and "Ruben Oseguera-Cervantes" together with others, both known and unknown, did knowingly and intentionally engage in a continuing criminal enterprise, in that the defendants **ABIGAEL GONZALEZ VALENCIA** and **NEMESIO OSEGUERA CERVANTES**, committed violations of Title 21, United States Code, Sections 952(a), 959(a), 960 and 963, including Violations One through Seven set forth below, which violations were part of a continuing series of violations of those statutes undertaken by the defendants **ABIGAEL GONZALEZ VALENCIA** and **NEMESIO OSEGUERA CERVANTES**, in concert with five or more other persons, with respect to whom the defendants **ABIGAEL GONZALEZ VALENCIA** and **NEMESIO OSEGUERA CERVANTES** occupied a supervisory and management position, and were the principal administrators, organizers and

leaders of the continuing criminal enterprise, and from which continuing series of violations the defendants **ABIGAEL GONZALEZ VALENCIA** and **NEMESIO OSEGUERA CERVANTES** obtained substantial income and resources, in excess of $10 million in gross receipts in a twelve month period for the manufacture, importation and distribution of cocaine, marijuana and methamphetamine. Each violation involved at least 300 times the quantity of a substance described in Section 841(b)(1)(B) of Title 21, United States Code, to wit: 150 kilograms or more of a substance containing cocaine and at least 200 times the quantity of a substance described in Section 841(b)(1)(B) of Title 21, United States code, to wit: 10 kilograms or more of a substance containing methamphetamine. The continuing series of violations, as defined by Title 21, United States Code, Section 848(c), included Violations One through Seven set forth below:

Violation One
(Attempted International Cocaine Distribution)

9. In or about 2007, in the countries of Colombia, Guatemala, Mexico, the United States and elsewhere, the defendants **ABIGAEL GONZALEZ VALENCIA** and **NEMESIO OSEGUERA CERVANTES**, together with others, both known and unknown, did knowingly and intentionally attempt to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 960(a)(3) and 960(b)(1)(B)(ii).

Violation Two
(International Cocaine Distribution)

10. In or about 2007, in the countries of Colombia, Mexico, the United States and

elsewhere, the defendants **ABIGAEL GONZALEZ VALENCIA** and **NEMESIO OSEGUERA CERVANTES**, together with others, both known and unknown, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 960(a)(3) and 960(b)(1)(B)(ii).

<u>Violation Three</u>
(Attempted International Cocaine Distribution)

11. In or about 2009, in the countries of Ecuador, Mexico, the United States and elsewhere, the defendants **ABIGAEL GONZALEZ VALENCIA** and **NEMESIO OSEGUERA CERVANTES**, together with others, both known and unknown, did knowingly and intentionally attempt to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 960(a)(3) and 960(b)(1)(B)(ii).

<u>Violation Four</u>
(International Cocaine Distribution)

12. In or about June of 2013, in the countries of Mexico, the United States and elsewhere, the defendant **ABIGAEL GONZALEZ VALENCIA**, together with others, both known and unknown, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved fifty grams or more of a substance

containing methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 960(a)(3) and 960(b)(1)(B)(ii).

Violation Five
(Attempted International Cocaine Distribution)

13. In or about November 2013, in the countries of Mexico, the United States and elsewhere, the defendant **NEMESIO OSEGUERA CERVANTES**, together with others, both known and unknown, both known and unknown, did knowingly and intentionally attempt to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 960(a)(3) and 960(b)(1)(B)(ii).

Violation Six
(International Methamphetamine Distribution Conspiracy)

14. In or about January 2014, in the countries of Australia, Mexico, the United States and elsewhere, the defendant **NEMESIO OSEGUERA CERVANTES**, together with others, both known and unknown, did knowingly and intentionally attempt to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved 500 grams or more of a substance containing methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 960(a)(3) and 960(b)(1)(H).

Violation Seven
(Murder Conspiracy)

15. On or about and between January 2000 and continuing thereafter, up to and including the date of the filing of this Indictment, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants **ABIGAEL**

6

GONZALEZ VALENCIA and **NEMESIO OSEGUERA CERVANTES**, together with others, both known and unknown, while engaged in an offense punishable under Section 960(b)(1) of Title 21 of the United States Code, to wit: the crime charged in Count Two, did knowingly and intentionally conspire to kill and counsel, command, induce, procure and cause the intentional killing of one or more persons, and such killings did result, in violation of Title 21, United States Code, Sections 848(e)(1)(A) and 846.

(Title 21, United States Code, Sections 848(a), 848(b), 848(c) and 848(e)(1)(A).

## COUNT TWO
(International Cocaine and Methamphetamine Distribution Conspiracy)

16. The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

17. From in or about January 2000, and continuing thereafter, up to and including the date of the filing of this Indictment, both dates being approximate and inclusive, in the countries of Mexico, the United States, and elsewhere, the defendants **ABIGAEL GONZALEZ VALENCIA** and **NEMESIO OSEGUERA CERVANTES**, together with others, both known and unknown, did knowingly, intentionally and willfully conspire to commit offenses against the United States, to wit: (1) to knowingly and intentionally distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance; and (2) to knowingly and intentionally distribute 500 grams or more of methamphetamine, a Schedule II controlled substance, knowing and intending that said controlled substances would be unlawfully imported into the United States from a place outside thereof, in violation of Title 21, United States Code, Sections 959(a) and 960(b)(1)(A), 960(b)(1)(B)(ii) and 960(b)(1)(H); all in violation of Title 21, United States Code, Section 963.

18. With respect to each defendant, the controlled substances involved in the conspiracy attributable to the defendants as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, are 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine and 500 grams or more of methamphetamine in violation of Title 21, United States Code, Sections 960(b)(1)(B)(ii) and 960(b)(1)(H).

(Conspiracy to distribute 5 kilograms or more of cocaine and 500 grams or more of methamphetamine, for importation into the United States in violation of Title 21, United States Code, Sections 959(a), 959(c), 960 and 963.)

## COUNT THREE
(Use of a Firearm)

19. The allegation contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

20. From in or about January 2005, and continuing thereafter, up to and including the date of the filing of this Indictment, both dates being approximate and inclusive, the defendants **ABIGAEL GONZALEZ VALENCIA** and **NEMESIO OSEGUERA CERVANTES**, did knowingly and intentionally use, carry and brandish a firearm, during and in relation to one or more drug trafficking crimes, to wit: the crimes charged in Count Two, and did knowingly and intentionally possess a firearm in furtherance of such drug trafficking crimes in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii) and 924(c)(1)(B)(ii).

(Use of a Firearm, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii) and 924(c)(1)(B)(ii).)

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS ONE AND TWO

21. The United States hereby gives notice to the defendants that upon conviction of the Title 21 offenses alleged in Counts One and Two of this Indictment, the Government will seek forfeiture in accordance with Title 21, United States Code, Sections 853(a), of all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the alleged Title 21 violations, and all property used or intended to be used in any manner or part to commit and to facilitate the commission of such offenses.

22. Said property includes, but is not limited to:

A sum of money equal to all proceeds the defendants obtained directly or indirectly as a result of the Title 21 offenses charged in this Indictment, and all property used or intended to be used to facilitate the offenses, that is, not less than a sum of money representing the amount of funds involved in the offenses, and all interest and proceeds traceable thereto; in that such sum, in aggregate, was received by the defendants in exchange for the distribution of controlled substances or is traceable thereto. If any of the above-described forfeitable property, as a result of any act or omission of the defendants –

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third person;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21, U.S.C. § 853(p) to seek forfeiture of any other property of the said defendants up to the value of the above forfeitable property.

(Criminal Forfeiture, in violation of Title 21, Untied States Code, Sections 853 and 970.)

A TRUE BILL.

_____
Foreperson

_____
Arthur G. Wyatt
Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, D.C.  20530

By: _____
Andrea Goldbarg
Assistant Deputy Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, D.C. 20530